IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>CIRCUIT CITY STORES, INC. )<br>)<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION NO.<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex, male, and retaliation, and to provide appropriate relief to Charging Parties Jamal Booker and Christopher Snow and a class of male employees who were adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Defendant Circuit City Stores' Director repeatedly subjected a class of male employees to unwelcome sexual advances, as well as offensive touching, gestures and comments of a sexual nature.

The Commission further alleges that Mr. Snow and Mr. Booker were subjected to retaliation in the form of adverse actions, including a reduction in work hours and the assignment of inappropriate and demoralizing tasks.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3)" ("Title VII")

and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Employer, Circuit City Stores, Inc. has continuously been and is now a Virginia Corporation doing business in the State of Pennsylvania and the Town of Springfield, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Jamal Booker and Christopher Snow filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2005, Defendant Employer has engaged in unlawful employment practices at its Springfield, Pennsylvania facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Charging Parties and a class of male

employees to a sexually hostile work environment. In addition, the Charging Parties and class members were subjected to retaliation, in violation of Section 704(a) of Title VII after they complained of the sexual harassment. The unlawful employment practices include, but are not limited to, the following:

(a) In or about June 2005, Michael Groden was hired as Store Director. Throughout his employment, he boasted that he was immune from discipline due to his personal relationships with certain of Defendant Employer's Managers.

(b) Jamal Booker was hired by Defendant as a warehouse associate in March 2000. At all relevant times, he maintained an excellent work record.

(c) In or about June 2005, Store Director Groden began to engage in the following offensive behaviors toward Mr. Booker: repeatedly massaging his shoulders and commenting: "balls in your mouth."

(d) On January 15, 2006, Groden approached Mr. Booker and attempted to tickle his hand. Mr. Booker informed Groden that he did not appreciate the sexual advances. Despite his complaint, Groden attempted to massage Mr. Booker's shoulders, and Mr. Booker again rejected the advances. Groden then ordered Mr. Booker to drop to the floor in front of him and pick up papers; Groden threatened to clock Mr. Booker out and send him home when he declined to bend down and perform this function that was not part of the morning shift's duties.

(e) Christopher Snow began his employment in August 2004 as a Home Theater Specialist. At all relevant times, his performance was satisfactory.

(f) In the summer of 2005, Groden tickled the palm of Mr. Snow's hand with his middle finger. Mr. Snow protested, interpreting the gesture as sexual. Groden also approached Mr. Snow, attempting to massage his shoulders, and made sexual offensive comments, such as "balls" or

"balls in your mouth." Mr. Snow told Groden he was offended, and asked him to stop the conduct. Mr. Snow complained about Groden's conduct to his supervisor. Groden assigned Ms. Snow to stand alone in the audio department for an entire shift; this assignment was never given before, since Mr. Snow's duties as a Home Theater Specialist required him to walk around and cover the entire department,

(g) In or about August 2005, Groden again ticked the palm of Mr. Snow's hand. After Mr. Snow again rebuked Groden's advances, Groden told him to "clock out" if he did not like it." Mr. Snow's hours were reduced and the other store employees mocked him concerning the reduction in his working hours.

(g) Both Mr. Booker and Mr. Snow were forced to resign from their employment due to the sexually hostile working conditions and retaliation.

(h) Other male class members were also subjected to sexual harassment, including but not limited to, unwelcome touching and sexual remarks. This included Groden's grabbing the buttocks of one male employee, and attempting to grab the penis of another. Such conduct lead to the constructive discharge of at least one additional class member.

8.   The effect of the practices complained of in paragraph 7 above, has been to deprive Jamal Booker, Christopher Snow, and a class of male employees of equal employment opportunities and otherwise adversely affect their status as employees because of his sex, male and because of retaliation.

9.   The unlawful employment practices complained of in paragraph 7 above, were intentional.

10.   The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Jamal Booker,

Christopher Snow, and a class of male employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex or retaliation.

B.   Order Defendant Employer to institute and carry out policies and practices which effectively prohibit sexual harassment and retaliation in the work place, and which eradicate the effects of its past and present unlawful employment practices

C.   Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment, and anti-retaliation policies and complaint procedures.

D.   Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.   Order Defendant Employer to make Mr. Booker, Mr. Snow, and a class of male employees whole by providing appropriate back pay and benefits with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    G.    Order Defendant Employer to make Mr. Booker, Mr. Snow, and a class of male employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket losses in amounts to be determined at trial.

    H.    Order Defendant Employer to make Mr. Booker, Mr. Snow, and a class of male employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to pain and suffering, humiliation, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

    I.    Order Defendant Employer to pay Mr. Booker, Mr. Snow, and a class of male employees' punitive damages for its malicious and reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

*/s/ Jacqueline H. McNair*
Jacqueline H. McNair
Regional Attorney

*/s/ Judith A. O'Boyle*
Judith A. O'Boyle
Supervisory Trial Attorney

*/s/ Cynthia A. Locke*
Cynthia A. Locke
Senior Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
215.440.2683
PA ID No. 37637